foregoing definitions, it is clear that the plaintiff has failed to sustain its claim that the electric broilers in controversy come within the provision for "cooking stoves" in said paragraph 353.

As to plaintiff's alternative claim that the pyrex plates are "parts of the broilers, kitchen or household utensils, with which they are used," and "dutiable at 40% ad valorem under Paragraph 339 of the Tariff Act of 1930," said contention is wholly without merit inasmuch as there is no provision for "parts" of articles enumerated in paragraph 339, *supra*.

Upon a careful consideration of the record before us, we are constrained to hold that the plaintiff has failed to sustain its burden of proving that the classification of the collector was erroneous and that the claims relied upon by plaintiff are correct.

The protest is accordingly overruled.

Judgment will issue accordingly.

**No. 53950.**—Quon Quon Company *v.* United States, protests 129646–K, etc. (Los Angeles).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags and mats similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53951.**—Hensel Bruckmann & Lorbacher, Inc., and S. B. Weintraub *v.* United States, protests 146751–K and 150272–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiffs was sustained.

**No. 53952.**—Tropical Craft Corp. *v.* United States, protests 147580–K, 149891–K, and 152353–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects

to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53953.**—I. Bauer, Inc. *v.* United States, protest 152396–K (A) (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of mats composed wholly of sisal fibers, which sisal fibers are similar in all material respects to those contained in the handbags which were the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JANUARY 23, 1950

**No. 53954.**—Morris J. Golombeck et al. *v.* United States, protests 133466–K, etc. (New York).

Opinion by CLINE, J. In accordance with stipulation that the merchandise consists of laurel leaves similar in all material respects to those the subject of *The Levy & Levis Co., Inc.* v. *United States* (23 Cust. Ct. 8, C. D. 1180), the claim of the plaintiffs was sustained.

**No. 53955.**—Knickerbocker Mills Co. et al. *v.* United States, protests 135606–K, etc. (New York).

Opinion by CLINE, J. In accordance with stipulation that the merchandise consists of laurel leaves similar in all material respects to those the subject of *The Levy & Levis Co., Inc.* v. *United States* (23 Cust. Ct. 8, C. D. 1180), the claim of the plaintiffs was sustained.

**No. 53956.**—V. G. Nahrgang *v.* United States, protests 137379–K, etc. (Detroit).

Opinion by CLINE, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protests were overruled.

**No. 53957.**—McKesson & Robbins, Inc. *v.* United States, protests 110694–K, etc. (New York).